IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00628-BNB


JEREMY PINSON,

     Applicant,

v.

BLAKE DAVIS,

     Respondent.

---

## ORDER OF DISMISSAL

---

     Applicant, Jeremy Pinson, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at ADX in Florence, Colorado.  Mr. Pinson initiated the instant action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  The Court must construe the Application liberally because Mr. Pinson is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

     Mr. Pinson asserts that he has exhausted his administrative remedies.  Even if Mr. Pinson has not exhausted his remedies, the Court may proceed to decide the merits of this action.  28 U.S.C. § 2254(b)(2); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding).  Based on the following reasons, the Court will deny the Application for lack of merit.

Mr. Pinson asserts inmates who complete the Residential Drug Abuse Program (RDAP) are statutorily eligible for a one-year sentence reduction.  He further asserts that he requested to participate in the RDAP, but his request was denied.  Mr. Pinson also asserts that the ADX psychologists informed him that ADX Florence inmates are excluded from all psychological treatment programs and from the RDAP.  Mr. Pinson contends that as a result he is being categorically denied eligibility for a one-year sentence reduction in violation of his Fifth Amendment rights.

"Section 3621(e)(2)(B) gives the BOP discretion to grant or deny a sentence reduction, but leaves open the manner in which the discretion is to be exercised." *Lopez v. Davis*, 531 U.S. 230, 231 (2001).  If a statute does not address the precise issue all this Court must decide is if the "BOP . . . has filled the statutory gap in a way that is reasonable in light of the Legislature's revealed design."  *Id.*  Under § 3621, substance abuse treatment is to be provided to every prisoner with a substance abuse problem and priority for such treatment is accorded based on an eligible prisoner's proximity to release date.  *See* § 3621(e)(1)(C).

Nothing in the BOP's denial of Mr. Pinson's request for RDAP placement is unreasonable.  Mr. Pinson's release date is October 3, 2025.  *See* http://www.bop.gov at Inmate Locator.  Given Mr. Pinson has over ten years until his release, his request does not have priority.

It cannot now be known whether Mr. Pinson still will be housed at the ADX close to the time of his release date.  The BOP may transfer an inmate from one facility to another at any time.  *See* 18 U.S.C. § 3621(b).  If, however, Mr. Pinson remains at the ADX and categorically is denied eligibility to the RDAP because he is housed there, he

2

may raise the issue at a time closer in proximity to his release date.

Mr. Pinson alleges no facts to demonstrate that his current placement at ADX, where the RDAP is not available to inmates, affects the fact or duration of his confinement.  Mr. Pinson's RDAP claim, therefore, is not cognizable in a § 2241 action and will be denied.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Pinson files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed with prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   20th   day of    March        , 2012.

BY THE COURT:


     s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court